UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE LEWIS LEE, JACQUELINE DELORES WATSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant. | Case No. 18-cv-02446-SI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On April 24, 2018, plaintiffs Theodore Lewis Lee and Jacqueline Delores Watson filed a complaint and an application for leave to proceed in forma pauperis. Dkt. Nos. 1, 2. The case was originally assigned to Magistrate Judge Corley, who granted the application for leave to proceed in forma pauperis. Dkt. No. 4. Judge Corley did not order the Marshal to serve the complaint on defendant until the Court had reviewed the complaint under 28 U.S.C. § 1915(e)(2). *Id.* Judge Corley then issued a referral to this Court to determine if this case was related to the case of *Lee v. Berryhill*, No. 17-cv-3976. Dkt. No. 7. On June 12, 2018, this Court determined that the cases were related and ordered that the case should be reassigned. Dkt. No. 8.

The Court now reviews the complaint under 28 U.S.C. § 1915(e)(2) and finds that the case should be dismissed with leave to amend for failing to state a claim. The statute that authorizes courts to allow lawsuits to proceed without prepayment of the filing fees (in forma pauperis) also requires the Court to "dismiss the case at any time if the court determines that – . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable

basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim for relief, the complaint must contain "a short and plain statement showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]hough pro se pleadings are liberally construed, [a] plaintiff must allege sufficient facts to state a plausible claim." *Cobb v. Dyemartin*, 584 F. App'x 404, 405 (9th Cir. 2014) (citing *Hebbe v. Pliler,* 627 F.3d 338, 341-42 (9th Cir. 2010)).

Here, it is unclear what this lawsuit is about or what claim(s) plaintiffs are bringing. The complaint states that Theodore Lee was poisoned by illegal drugs on the streets of Oakland seven years ago and that his family has been trying to put him on SSI. Dkt. No. 1. The complaint states, "They have been [violating] his civil rights" and cites to the Americans with Disabilities Act (ADA). *Id.* Ms. Watson previously filed a similar case on behalf of her nephew Theodore Lee. *See Lee v. Berryhill*, No. 17-cv-3976, Dkt. No. 7 (alleging that Mr. Lee was poisoned by drugs about a year earlier and that the drugs made him schizophrenic). That case was filed as a Social Security appeal, and the Court dismissed that case without prejudice because Mr. Lee had not yet had a hearing before an Administrative Law Judge. *Lee v. Berryhill*, No. 17-cv-3976, Dkt. No. 21.

The Court is unsure if plaintiff is now filing a new Social Security appeal or is filing some other claim. On the one hand, plaintiff is suing the Acting Commissioner of Social Security and seeks $67,200.00, which may be a claim for retroactive Social Security benefits. On the other hand, plaintiff cites to violations of the ADA. The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). 42 U.S.C. §§ 12111 *et. seq.* Plaintiff's complaint cites to the ADA in general and does not cite to the specific statute or ADA section. The complaint says that "they" are violating Mr. Lee's rights, but the complaint does not say who "they" are or how Mr. Lee's rights are being violated.

In addition, it appears that Ms. Watson is filing this lawsuit on behalf of her nephew, Mr. Lee. Ordinarily, "a non-attorney may appear pro se on [her] own behalf [but] she has no authority to appear as an attorney for others than [her]self." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). However, there are exceptions. For instance, some courts have allowed parents to represent their children pro se in Social Security appeals. *See, e.g., Adams ex rel. D.J.W. v.*

1 *Astrue*, 659 F.3d 2197 (10th Cir. 2011); *Harris v. Apfel*, 209 F.3d 413 (5th Cir. 2000).  Again, the Court finds it unclear whether this case is a Social Security appeal or another type of lawsuit, and it is unclear whose rights this lawsuit is about.

Because plaintiffs' complaint does not make clear what claim(s) plaintiffs are bringing, the Court DISMISSES the complaint with leave to amend.  **If plaintiffs wish to file an amended complaint, the amended complaint shall:**

**(1) state, as clearly as possible, the facts giving rise to the complaint;**

**(2) provide information about why each defendant is being sued;**

**(3) specifically identify the claims that plaintiffs are asserting.  For example, plaintiff shall clarify whether this is an appeal of a Social Security ruling or if this is a lawsuit for a violation of the ADA.  If this is a lawsuit for a violation of the ADA, plaintiffs must state which Title of the ADA they are suing under; AND**

**(4) state the relief that plaintiffs seek.**

Plaintiffs may find it useful to contact the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  Help Centers are located at the San Francisco and Oakland Courthouses and assistance is available by appointment.  **To make an appointment, call: (415) 782-8982.**  *See also* https://www.cand.uscourts.gov/legal-help.

**Plaintiffs must file the amended complaint no later than July 9, 2018.**

**IT IS SO ORDERED**.

Dated:  June 18, 2018

SUSAN ILLSTON
United States District Judge